KLEIN, J.
Appellant State Farm filed petitions for pure bills of discovery, as well as discovery pursuant to section 627.736(6)(c), Florida Statutes (1999). It appeals the trial court’s denials of its petitions.
In these proceedings, which were consolidated, State Farm was being billed for PIP payments for six insureds and became concerned that payment was being sought for services which may not have been performed. Section 627.736(6), Florida Statutes authorizes PIP insurers to obtain informal discovery without having to file a lawsuit in order to obtain information about the treatment of persons seeking PIP benefits.
A few months after the trial court denied discovery in this case, this court issued its opinion in Kaminester v. State Farm, Mutual Automobile Insurance Co., 775 So.2d 981 (Fla. 4th DCA 2000) rev. dismissed, 789 So.2d 346 (Fla.2001), in which this court held that the discovery contemplated by section 627.736(6)(c) authorizes discovery which is the same as the discovery authorized by Florida Rule of Civil Procedure 1.280(a), including depositions, interrogatories, and production of documents or other things.
The appellee health care providers argue that we should not construe the meaning of discovery under section 627.736(6)(b) as broadly as Kaminester. They argue that the discussion in Kaminester is only dicta and we need not follow it. Whether it is dicta or not, we agree with Kamines-ter and hold that, for good cause shown, State Farm can obtain the discovery authorized by our opinion in Kaminester.
We are unable to determine on this record whether good cause was shown in each of the cases which are under review, but we agree that good cause was shown in the cases in which there were sworn statements from insureds denying that they had received health care for which the health care providers were seeking payment. We therefore reverse and remand for the trial court to reconsider in light of Kaminester, and, on a showing of good cause, to grant discovery.
DELL, J., and ALTONAGA, CECILIA M., Associate Judge, concur.