DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**
Appellant,

v.

**DELRAY MEDICAL CENTER, INC.,**
Appellee.

No. 4D14-2287

[November 4, 2015]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Lucy Chernow Brown, Judge; L.T. Case No. 50-2012-CA022717XXXXMB.

Kenneth P. Hazouri of de Beaubien, Knight, Simmons, Mantzaris & Neal, LLP, Orlando, for appellant.

Robert S. Covitz of Falk, Waas, Hernandez, Cortina, Solomon & Bonner, P.A., Coral Gables, for appellee.

LEVINE, J.

State Farm appeals the dismissal of its petition seeking discovery from Delray Medical Center pursuant to Florida's PIP statutes. We are asked to determine whether section 627.736 permits State Farm to request discovery about the reasonableness of charges by Delray Medical, including discovery regarding the amount others paid to Delray Medical for the same services and treatments. We find that discovery is limited under section 627.736(6)(b) to the facts of the treatment and to the related billing of the injured person. We further find that section 627.736(5) is inapplicable to discovery sought under section 627.736(6)(b). We therefore find the trial court did not err in denying State Farm's amended petition for discovery. We further find no merit in the argument that the trial court erred in not taking judicial notice of a cost report submitted to the Agency for Health Care Administration.

Delray Medical, after treating two of State Farm's insureds, sought PIP payments from State Farm. In response, State Farm sent Delray Medical two letters requesting documentation and information to assist in

determining the reasonableness of the billed charges, pursuant to section 627.736(6)(b), Florida Statutes (2012). State Farm questioned the reasonableness of the charges, since the charges were significantly higher than what is allowable under Medicare billing rates. State Farm attached to the letters twenty-three discovery requests. After Delray Medical provided only some of the requested documentation, State Farm filed a petition and motion for discovery pursuant to section 627.736(6)(c), Florida Statutes (2012), alleging that Delray Medical charged significantly more than the Medicare reimbursement rate.

Delray Medical filed objections and moved for a protective order. In response, State Farm filed a new production request in which it limited its prior requests for production to the following documents:

**COST OF TREATMENT**

1. A statement of your best estimate of the cost to your facility for each line item associated with the specific health care goods and services at issue (whether based on cost-accounting data, budgeting allocations, or otherwise).

2. The most recent Medicare Cost Report you submitted to the Centers for Medicare and Medicaid Services (CMS).

**PAYMENTS ACCEPTED BY THE PROVIDER**

3. For each good and service reflected on the bills at issue, documentation (whether physical documents or a printout from your electronic records) showing the actual amounts you accepted as payment in full for the same care from other payers in the 3 months immediately preceding the dates of service for the bills at issue, broken down by the following categories:

   a. Medicare,

   b. Medicaid,

   c. Worker's compensation,

   d. Commercial insurers,

   e. Uninsured patients, and

f. Any other payments

*[This request is intended to allow State Farm to compare the amounts you accepted as full payment from others to the amounts you billed State Farm for the same health care provided to our insureds. Therefore, please do not provide aggregate totals. Instead, please identify either your average acceptance rates for each type of payer for each of the CPT codes at issue, or the actual payments accepted from each payer itemized by CPT code for the goods and services rendered.]*

4. All contracts you had in force at the time you provided the health care goods and services at issue, by which you agreed to accept an amount less than your "usual and customary" billed charges from commercial insurers.

5. Your most recent financial statements submitted to Florida's Agency for Health Care Administration (AHCA) which details gross charge revenues and contractual allowances and other revenue adjustments.

**REIMBURSEMENT RATES IN THE COMMUNITY**

6. Any information you have showing actual reimbursement rates in your community (i.e., amounts actually accepted by other hospitals in full payment for billed charges) for the health care goods and services reflected on the bills at issue.

The trial court denied the petition without prejudice for failure to show good cause. State Farm then filed an amended petition and motion for discovery, which contained similar allegations to the original petition. In addition, State Farm alleged that Delray Medical charged more than other hospitals and that a report from the Agency for Health Care Administration showed that Delray Medical's actual reimbursement rate was significantly less than the amount charged. State Farm asked the court to take judicial notice of the report.

The trial court denied the amended petition, finding that State Farm did not demonstrate good cause under section 627.736(6)(c). The court also found the request to be "overbroad" and "extremely far-reaching." The

court declined State Farm's request to take judicial notice of the report and stated that, even considering the report, the court's findings and ruling would not be different.

Section 627.736(6), Florida Statutes (2012), provides in pertinent part:

**(6) Discovery of facts about an injured person; disputes.--**

. . . .

(b) Every physician, hospital, clinic, or other medical institution providing, before or after bodily injury upon which a claim for personal injury protection insurance benefits is based, any products, services, or accommodations in relation to that or any other injury, or in relation to a condition claimed to be connected with that or any other injury, shall, if requested to do so by the insurer against whom the claim has been made, furnish forthwith a written report of *the history, condition, treatment, dates, and costs of such treatment of the <u>injured person</u> and why the items identified by the insurer were reasonable in amount and medically necessary,* together with a sworn statement that the treatment or services rendered were reasonable and necessary with respect to the bodily injury sustained and identifying which portion of the expenses for such treatment or services was incurred as a result of such bodily injury, and produce forthwith, and permit the inspection and copying of, his or her or its records regarding such history, condition, treatment, dates, and costs of treatment . . . . Any insurer that requests documentation or information pertaining to *reasonableness of charges or medical necessity under this paragraph* without a reasonable basis for such requests as a general business practice is engaging in an unfair trade practice under the insurance code.

(c) In the event of any dispute regarding an insurer's right to discovery of facts under this section, the insurer may petition a court of competent jurisdiction to enter an order permitting such discovery. The order may be made only on motion for good cause shown . . . . Such court may, in order to protect against annoyance, embarrassment, or oppression, as justice requires, enter an order refusing discovery or specifying conditions of discovery . . . .

4

(emphasis added).

State Farm asks us to interpret this statute to allow for the discovery of those documents that will determine, according to State Farm, whether the billing is reasonable when one considers the allowable charge under Medicare. Further, State Farm wants to compare what Delray Medical has negotiated with private insurance companies to determine reasonableness. This is beyond the plain language of the statute, and specifically section 627.736(6)(b).

Initially, State Farm's interpretation is contrary to the title of subsection (6). Subsection (6) is entitled "[d]iscovery of facts about an injured person; disputes." "The descriptive title of a statute in enacting legislation is an indicator of legislative intent." *City of Fort Pierce v. Shannon R. Ginn Constr. Co.*, 705 So. 2d 934, 936 (Fla. 4th DCA 1997). *See also Fla. Dep't of Envtl. Prot. v. ContractPoint Fla. Parks, LLC*, 986 So. 2d 1260, 1266 (Fla. 2008) ("To discern legislative intent, courts must consider the statute as a whole, including the evil to be corrected, the language, title, and history of its enactment, and the state of law already in existence on the statute.") (citation omitted); 1A Sutherland Statutory Construction §§ 21:4, 47:14 (7th ed.) (noting that a section heading illuminates legislative intent). From the title of subsection (6), we know that the discovery of documents will center on the facts regarding the injured person.

State Farm's interpretation is also contrary to the plain language of subsection (6)(b). Specifically, subsection (6)(b) states that providers, like Delray Medical, must

> if requested to do so by the insurer against whom the claim has been made, furnish forthwith a written report of the *history, condition, treatment, dates, and costs of such treatment of the <u>injured person</u> and why the items identified by the insurer were reasonable in amount and medically necessary*, together with a sworn statement that the treatment or services rendered were reasonable and necessary with respect to the bodily injury sustained and identifying which portion of the expenses for such treatment or services was incurred as a result of such bodily injury.

(emphasis added). Based on the plain language of this subsection, as well as the title of the subsection, it is clear that the focus of this provision is the discovery of documents regarding the treatment and related billing of the individual injured person.

This court in *Kaminester v. State Farm Mutual Automobile Insurance Co.*, 775 So. 2d 981 (Fla. 4th DCA 2000), examined the parameters of section 627.736(6)(b). In *Kaminester*, a health care provider refused the insurer's request for the invoice for an MRI. The provider claimed that there was no invoice from the MRI facility, since the provider leased the equipment used to provide the service in question. Further, the provider claimed that the terms of the lease were between the provider and the owner of the MRI equipment, and the lease was not discoverable under section 627.736(6). This court found the MRI lease agreement was discoverable under the statute since the "lease is well within the meaning of the statutory discovery provision 'the costs of such treatment.'" *Id.* at 985. This court concluded that good cause, as required under the statute, was established because the provider refused to "supply anything" regarding the MRI lease. *Id.* at 986.

However, it is clear that *Kaminester* is different than the case at bar. Here, Delray Medical did provide bills and records relating to the insured, unlike *Kaminester*, where the provider refused to "supply anything." More importantly, the documentation sought in *Kaminester* was directly related to treatments and services provided to the injured party, unlike here where State Farm sought information regarding amounts paid by others.

*State Farm Mutual Automobile Insurance Co. v. Goldstein*, 798 So. 2d 807 (Fla. 4th DCA 2001), also examined the parameters of section 627.736(6)(b). In that case, the court found good cause was shown where the insureds provided sworn statements denying that they had received health care for which the health care providers were seeking payment. Unlike *Goldstein*, this case does not involve a situation where the insureds denied receiving the health care for which Delray Medical sought payment. Further, *Goldstein* involved discovery about services allegedly provided to the injured, not to others.

State Farm also relies on section 627.736(5) in arguing that its discovery was permissible because that subsection mandates that medical providers may charge only a reasonable amount for services rendered. Section 627.736(5) provides, in pertinent part:

> **(5) Charges for treatment of injured persons.--**
>
> (a) 1. Any physician, hospital, clinic, or other person or institution lawfully rendering treatment to an injured person for a bodily injury covered by personal injury protection insurance may charge the insurer and injured party only a *reasonable* amount pursuant to this section for the services

6

and supplies rendered . . . . In no event, however, may such a charge be in excess of the amount the person or institution customarily charges for like services or supplies. With respect to a determination of whether a charge for a particular service, treatment, or otherwise is reasonable, consideration may be given to evidence of usual and customary charges and payments accepted by the provider involved in the dispute, and reimbursement levels in the community and various federal and state medical fee schedules applicable to automobile and other insurance coverages, and other information relevant to the reasonableness of the reimbursement for the service, treatment, or supply.

(emphasis added).

As to the interplay between section 627.736(5) and section 627.736(6), *Shands Jacksonville Medical Center, Inc. v. State Farm Mutual Automobile Insurance Co.*, 40 Fla. L. Weekly D1447 (Fla. 1st DCA June 22, 2015), is instructive.[1] In that case, State Farm sent requests for information including the discovery of confidential contracts between the hospital and thirty-seven health insurance entities. State Farm sought the discovery of these confidential contracts "because they contain[ed] information regarding negotiated reimbursement rates that Shands agreed to accept for services and supplies rendered on behalf of each entity's insureds. State Farm argue[d] that this information [was] necessary in order for it to determine if the amounts billed by Shands [were] reasonable." *Id.* at D1447. Shands refused to provide the third party contracts with the medical insurers because the contracts contained the confidential negotiated discounts from what it charges other third parties. The court in *Shands* concluded that discovery under section 627.736(6) applied "only to the types of information a healthcare provider is required to provide as delineated in section 627.736(6)." *Id.* at D1448. The court explained:

> It seems clear to us, therefore, that the "section" referred to in subsection (6)(c) is in fact a reference to subsection (6), not the entirety of section 627.736. Subsection (6), unlike

---

[1] In *Shands*, the First District certified conflict with our court's decision in *Kaminester*, on the limited issue of whether Shands could be required to produce a designated corporate representative for deposition, and whether the "discovery methods provided for in the Florida Rules of Civil Procedure are available to insurers that institute proceedings pursuant to that statute." Our decision here does not implicate that conflict as certified by the First District in *Shands*.

subsection (5)(a), specifically provides that a PIP insurer is entitled to "Discovery of Facts About an Injured Person," and subsection (6)(b) delineates the specific types of information (facts) and documentation to which a PIP insurer is entitled to receive from medical providers in analyzing the payment of claims. Furthermore, the title to subsection (6) also indicates that it addresses "Disputes." Accordingly, subsection (6)(c) begins with the phrase: "In the event of a dispute regarding an insurer's right to discovery of facts under this section . . .," which clearly applies to disputes related to an insurer's attempt to obtain the information and documentation relating to the treatment and associated costs of treatment to an injured insured specified in subsection (6).

Thus, subsection (6)(b) concerns the types of facts and documents to which a PIP insurer is entitled to assist it in ascertaining the reasonableness of the treatment provided to its insured and the amount the medical provider charged for that care. Subsection (5)(a), on the other hand, addresses the factors, or "types of evidence," relevant to the reasonableness of a medical provider's charges. These factors, however, are implicated when there is a dispute as to the reasonableness of charges for treatment, not when there is a dispute concerning an insurer's attempt to obtain the information it is entitled to so that it can assess the reasonableness of those charges.

*Id.*

We agree with the reasoning of *Shands* that section 627.736(5) is inapplicable, as it does not apply to discovery requests under section 627.736(6)(b). Although the documents State Farm sought may have been "relevant and discoverable in the context of litigation over the issue of reasonableness of charges instituted pursuant to subsection (5)(a), they are clearly not the types of documents specifically delineated by subsection (6)(b)." *Id.*

In summary, we find that the trial court correctly determined State Farm's request exceeded the permissible scope of discovery as allowable under the applicable statute. Accordingly, we affirm.

*Affirmed.*

STEVENSON and KLINGENSMITH, JJ., concur.

8

*      *      *

*Not final until disposition of timely filed motion for rehearing.*