# Supreme Court of Florida

_____

No. SC15-1257
_____

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**
Petitioner,

vs.

**SHANDS JACKSONVILLE MEDICAL CENTER, INC.,**
Respondent.

[February 16, 2017]

LABARGA, C.J.

This case is before the Court for review of the decision of the First District Court of Appeal in Shands Jacksonville Medical Center, Inc. v. State Farm Mutual Automobile Insurance Co., 40 Fla. L. Weekly D1447 (Fla. 1st DCA June 22, 2015), certifying conflict with the decision of the Fourth District Court of Appeal in Kaminester v. State Farm Mutual Automobile Insurance Co., 775 So. 2d 981 (Fla. 4th DCA 2000). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.

The certified conflict issue in this case concerns the extent of permissible discovery under section 627.736(6)(c), Florida Statutes (2015), and requires us to examine additional provisions of section 627.736, the statute that governs personal

injury protection (PIP) benefits.  Relevant to this case, section 627.736(5)

addresses the reasonableness of charges for treatment, providing:

> (5)  CHARGES FOR TREATMENT OF INJURED
> PERSONS.—
>
> (a)  A physician, hospital, clinic, or other person or institution
> lawfully rendering treatment to an injured person for a bodily injury
> covered by personal injury protection insurance may charge the
> insurer and injured party only a reasonable amount pursuant to this
> section for the services and supplies rendered . . .  In determining
> whether a charge for a particular service, treatment, or otherwise is
> reasonable, consideration may be given to evidence of usual and
> customary charges and payments accepted by the provider involved in
> the dispute, reimbursement levels in the community and various
> federal and state medical fee schedules applicable to motor vehicle
> and other insurance coverages, and other information relevant to the
> reasonableness of the reimbursement for the service, treatment, or
> supply.

§ 627.736(5)(a), Fla. Stat.  Additionally, section 627.736(6), addresses discovery

of facts about an injured person, providing:

> (6)  DISCOVERY OF FACTS ABOUT AN INJURED
> PERSON; DISPUTES.—
>
> (b)  Every physician, hospital, clinic, or other medical
> institution providing, before or after bodily injury upon which a claim
> for personal injury protection insurance benefits is based, any
> products, services, or accommodations in relation to that or any other
> injury, or in relation to a condition claimed to be connected with that
> or any other injury, shall, if requested by the insurer against whom the
> claim has been made, furnish a written report of the history, condition,
> treatment, dates, and costs of such treatment of the injured person and
> why the items identified by the insurer were reasonable in amount and
> medically necessary, together with a sworn statement that the
> treatment or services rendered were reasonable and necessary with
> respect to the bodily injury sustained and identifying which portion of
> the expenses for such treatment or services was incurred as a result of

such bodily injury, and produce, and allow the inspection and copying of, his or her or its records regarding such history, condition, treatment, dates, and costs of treatment if this does not limit the introduction of evidence at trial. . . .

(c) In the event of a dispute regarding an insurer's right to discovery of facts under this section, the insurer may petition a court of competent jurisdiction to enter an order permitting such discovery. The order may be made only on motion for good cause shown . . . . In order to protect against annoyance, embarrassment, or oppression, as justice requires, the court may enter an order refusing discovery or specifying conditions of discovery . . . .

§ 627.736(6)(b)-(c), Fla. Stat.

In the decision under review, the First District held that discovery of facts under section 627.736(6)(c) is limited to the production of the documents described in section 627.736(6)(b). After reaching this conclusion, the First District certified conflict with the Fourth District's holding in Kaminester that "the 'discovery of facts' referred to in section 627.736(6)(c), Florida Statutes, means that the discovery methods provided for in the Florida Rules of Civil Procedure are available to insurers that institute proceedings pursuant to that statute." Shands, 40 Fla. L. Weekly at D1449. We recognize that while the parties before this Court disagree about the scope of information available to insurers under section 627.736(6)(c), both the First and the Fourth District Courts of Appeal agree that the reference to discovery under section 627.736(6)(c) applies "only to the types of information a healthcare provider is required to provide as delineated in section 627.736(6)." Shands, 40 Fla. L. Weekly at D1448; see also State Farm Mut. Auto.

Ins. Co. v. Delray Med. Ctr., Inc., 178 So. 3d 511, 515-17 (Fla. 4th DCA 2015) (distinguishing Kaminester, and holding that State Farm's discovery requests exceeded the permissible scope of discovery under the applicable statute). Accordingly, the conflict issue we address is limited to the methods by which an insurer may obtain discovery.

For the reasons discussed below, we approve the First District's interpretation in Shands of the scope of discovery under section 627.736(6)(c), and disapprove the interpretation of the Fourth District in Kaminester.

## FACTS AND PROCEDURAL HISTORY

Shands Jacksonville Medical Center (Shands) provided medical services to twenty-nine State Farm Mutual Automobile Insurance Company (State Farm) insureds who were injured in motor vehicle accidents. After paying Shands, State Farm requested certain documentation relating to the reasonableness of the charges pursuant to section 627.736(6)(b), which requires a healthcare provider to furnish a PIP insurer, upon request, with specified documents and information related to the treatment of an injured person and associated costs. In response, Shands provided State Farm with medical records, documents related to the treatments and charges for services rendered, its most recent Medicare Cost Report, its cost information, and comparative cost information obtained from the Agency for Health Care Administration (AHCA) demonstrating what other hospitals charge for the same

procedures. However, Shands refused to furnish copies of third-party contracts, which contain negotiated discount rates between Shands and other insurers and payers, contending that such information was not covered by subsection (6)(b). State Farm then filed a petition pursuant to section 627.736(6)(c), asking the trial court to compel discovery of the information withheld and order Shands to make a corporate representative available for deposition.

The trial court found that the language of section 627.736(6)(c) allows for discovery under the entirety of section 627.736, including evidence of the reasonableness of charges addressed in subsections (5)(a) and (6)(b). Furthermore, the trial court adopted the reasoning of the Fourth District in Kaminester, finding that the phrase "discovery of facts" in section 627.736(6)(c) was not limited to document production, but included "deposition testimony and other means of obtaining information authorized by the Florida Rules of Civil Procedure." Ultimately, the trial court ordered Shands to produce the requested discovery and granted State Farm's request to depose a corporate representative about documents and information.

On appeal, the First District reversed the trial court's order in its entirety on the basis that it exceeded the scope of discovery permissible under sections 627.736(6)(b) and (c), declaring:

> [W]e disagree with the trial court's conclusion that the "discovery of facts" referred to in section 627.736(6)(c), Florida Statutes[,] allows

discovery under the entirety of section 627.736, including the types of evidence that may be considered when determining the reasonable reimbursement rate for medical bills presented for treatment referred to in section 627.736(5)(a).

Shands, 40 Fla. L. Weekly at D1448. The district court concluded that the discovery to which State Farm was entitled was limited to the types of documents specifically delineated by subsection (6)(b). Id. Moreover, the district court disagreed with the trial court's adoption of the reasoning in Kaminester, and determined that "the phrase 'discovery of facts' in subsection (6)(c) is limited to the production of the documents described in subsection (6)." Id. at D1449.

In Kaminester, the Fourth District examined the nature and extent of discovery permitted under section 627.736(6)(b) after a healthcare provider refused to produce the invoice for an MRI upon the insurer's request, claiming that no invoice existed because the equipment used was leased. The district court affirmed the trial court's order for the healthcare provider to furnish the invoice, determining that the lease was "well within the meaning of the statutory discovery provision 'the costs of such treatment.' " Kaminester, 775 So. 2d at 985.

Relevant to the conflict issue here, the Fourth District affirmed the trial court's order requiring the healthcare provider's corporate president to submit to a deposition duces tecum pursuant to subsection (6)(c). Id. at 984. The district court reasoned that when the Legislature used the legal term of art "discovery of facts" in subsection (6)(c), it borrowed the term "discovery" from the Florida Rules of

Civil Procedure, which provide, "Parties may obtain discovery by one or more of the following methods: depositions upon oral examination or written questions; written interrogatories; production of documents or things or permission to enter upon land or other property for inspection and other purposes; physical and mental examinations; and requests for admission." Id. at 985 (quoting Fla. R. Civ. P. 1.280(a)). The court interpreted "discovery" consistent with its legal meaning and emphasized that section 627.736(6) authorizes discovery of "facts," not merely discovery of documents. Id. Consequently, the district court concluded that the healthcare provider's refusal to supply any of the requested information established good cause for the trial court's order compelling the corporate president to submit to a deposition in order to verify the amount due under the PIP policy. Id. at 986.

**ANALYSIS**

This case concerns the certified conflict between the First District's holding in Shands and the Fourth District's holding in Kaminester regarding the extent of permissible discovery pursuant to section 627.736(6)(c). "Because the conflict issue requires this Court to interpret provisions of the Florida Motor Vehicle No-Fault Law (No-Fault Law), the standard of review is de novo." Allstate Ins. Co. v. Holy Cross Hosp., Inc., 961 So. 2d 328, 331 (Fla. 2007) (footnote omitted).

"As always, legislative intent is the polestar that guides a court's inquiry under the No-Fault Law," including the PIP statute. Id. at 334. "Such intent is

- 7 -

derived primarily from the language of the statute." Id. "Where the wording of the Law is clear and amenable to a logical and reasonable interpretation, a court is without power to diverge from the intent of the Legislature as expressed in the plain language of the Law." Geico Gen. Ins. Co. v. Virtual Imaging Servs., Inc., 141 So. 3d 147, 154 (Fla. 2013) (quoting United Auto. Ins. Co. v. Rodriguez, 808 So. 2d 82, 85 (Fla. 2001)).

However, as we examine the plain language of section 627.736(6), we observe that the First District in Shands and the Fourth District in Kaminester reached irreconcilable interpretations of the "discovery of facts" language in subsection (6)(c). The First District held that the phrase "discovery of facts" is limited to the production of the documents described in section 627.736(6)(b), in direct contrast to the Fourth District's construction that "discovery of facts" includes all methods of discovery available under the Florida Rules of Civil Procedure. Thus, because the phrase "discovery of facts," in section 627.736(6)(c), is susceptible to more than one interpretation, it is necessary to utilize principles of statutory construction to ascertain legislative intent. See Rollins v. Pizzarelli, 761 So. 2d 294, 297-98 (Fla. 2000) (quoting Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So. 2d 452, 455 (Fla. 1992) ("Ambiguity suggests that reasonable persons can find different meanings in the same language.")). Consequently, we "must consider the statute as a whole,

including the evil to be corrected, the language, the title, and history of its enactment, and the state of law already in existence on the statute." Fla. Dep't of Envtl. Prot. v. ContractPoint Fla. Parks, LLC, 986 So. 2d 1260, 1266 (Fla. 2008) (quoting Bautista v. State, 863 So. 2d 1180, 1185 (Fla. 2003)).

We have recognized that "the purpose of the no-fault statutory scheme is to 'provide swift and virtually automatic payment. . . .' " Nunez v. Geico Gen. Ins. Co., 117 So. 3d 388, 393 (Fla. 2013) (quoting Ivey v. Allstate Ins. Co., 774 So. 2d 679, 683-84 (Fla. 2000)). Consistent with this purpose, subsection (6) of the PIP statute allows an insurer to verify the legitimacy of a claim by seeking discovery of facts regarding an injured insured before it pays PIP benefits. Subsection (6)(b) delineates the mandatory disclosures to which an insurer is entitled upon request, and subsection (6)(c) provides an enforcement mechanism by which an insurer may obtain the discovery to which it is entitled in the event of a dispute.

We agree with the First District that "[t]he process encompassed by subsections (6)(b) and (c) is meant to be a limited pre-litigation procedure for a PIP insurer to obtain specified information about the treatment provided to its insured and the charges for that treatment." Shands, 40 Fla. L. Weekly at D1449. Additionally, we agree with both the First District in Shands and the Fourth District in Delray that the disclosures enumerated in subsection (6)(b) are limited to what is discoverable in the context of a pre-litigation inquiry into the treatment

- 9 -

provided by the healthcare provider and the charges for that treatment, and that "discovery of facts" under subsection (6)(c) is limited to the specific facts of treatment and to the related billing of the injured person.

In considering how the language and title of subsection (6) further reveal the intent of the Legislature, we turn to the Fourth District's recent decision in Delray, which involved facts that are strikingly similar to the present case. In Delray, the district court considered "whether section 627.736 permits State Farm to request discovery about the reasonableness of charges by [the healthcare provider], including discovery regarding the amount others paid . . . for the same services and treatments." 178 So. 3d at 512. The Fourth District affirmed the trial court's denial of State Farm's petition for discovery as "overbroad" and "extremely far-reaching," holding that "discovery is limited under section 627.736(6)(b) to the facts of the treatment and to the related billing of the injured person," and that "section 627.736(5) is inapplicable to discovery sought under section 627.736(6)(b)." Id. at 512-13.

While addressing the extent of permissible discovery, the Fourth District in Delray did not have occasion to address the discovery of depositions, which is at issue here. Judge Levine, writing for the majority, aptly observed the distinction between Delray and Kaminester as follows: "the documentation sought in Kaminester was directly related to treatments and services provided to the injured

- 10 -

party, unlike here where State Farm sought information regarding amounts paid by others." 178 So. 3d at 515. Nonetheless, the Fourth District's reasoning in Delray regarding the intent of the Legislature is insightful. The district court declared, "[b]ased on the plain language of this subsection, as well as the title of the subsection, it is clear that the focus of this provision is the discovery of documents regarding the treatment and related billing of the individual injured person." Id. The court adopted the First District's interpretation of section 627.736(6) in Shands, which provided:

> It seems clear to us, [] that the "section" referred to in subsection (6)(c) is in fact a reference to subsection (6), not the entirety of section 627.736. Subsection (6), unlike subsection (5)(a), specifically provides that a PIP insurer is entitled to "Discovery of Facts About an Injured Person," and subsection (6)(b) delineates the specific types of information (facts) and documentation to which a PIP insurer is entitled to receive from medical providers in analyzing the payment of claims. Furthermore, the title to subsection (6) also indicates that it addresses "Disputes." Accordingly, subsection (6)(c) begins with the phrase: "In the event of a dispute regarding an insurer's right to discovery of facts under this section . . . ," which clearly applies to disputes related to an insurer's attempt to obtain the information and documentation relating to the treatment and associated costs of treatment to an injured insured specified in subsection (6).
>
> Thus, subsection (6)(b) concerns the types of facts and documents to which a PIP insurer is entitled to assist it in ascertaining the reasonableness of the treatment provided to its insured and the amount the medical provider charged for that care. Subsection (5)(a), on the other hand, addresses the factors, or "types of evidence," relevant to the reasonableness of a medical provider's charges. These factors, however, are implicated when there is a dispute as to the reasonableness of charges for treatment, not when there is a dispute

- 11 -

concerning an insurer's attempt to obtain the information it is entitled to so that it can assess the reasonableness of those charges.

Shands, 40 Fla. L. Weekly at D1448.

We agree with the First District's reasoning and its interpretation that the "discovery of facts" in subsection (6)(c) applies to disputes regarding an insurer's attempt to obtain information and documentation specified in subsection (6)(b). The title to subsection (6), "Discovery of Facts About an Injured Person; Disputes," reflects that the Legislature intended the provisions of subsection (6) to allow insurers to discover facts about an injured insured before paying claims. Moreover, subsection (6)(c) employs the same "discovery of facts" language as the title, creating a direct link to the discovery provisions set forth within section 627.736(6). Thus, we conclude that discovery is limited to the production of "a written report of the history, condition, treatment, dates, and costs of such treatment of the injured person and why the items identified by the insurer were reasonable in amount and medically necessary, together with a sworn statement . . . " as well as the production, inspection and copying of "records regarding such history, condition, treatment, dates, and costs of treatment . . . ." § 627.736(6)(b), Fla. Stat.

Furthermore, we agree that subsection (6) provides limited pre-litigation discovery into specified information about the treatment and charges for treatment provided to an injured party, and that "[t]he discovery tools found in the rules of

- 12 -

civil procedure, . . . are not triggered until litigation over the reasonableness of those charges has ensued (i.e., commenced pursuant to subsection (5)(a))." Shands, 40 Fla. L. Weekly at D1449.  Therefore, we approve the First District's holding that "nothing in subsections (6)(b) or (c) contemplates requiring a PIP medical provider to submit any of its representatives to deposition, and the trial court erred by ordering Shands to make a designated corporate representative available for deposition." Id.

### CONCLUSION

For these reasons, we hold that the scope of permissible discovery under section 627.736(6)(c) is limited to the production of documents described in subsection (6)(b).  Accordingly, we approve the reasoning of the First District in Shands and disapprove of Kaminester to the extent that it permits discovery under the Florida Rules of Civil Procedure.

It is so ordered.

PARIENTE, LEWIS, and QUINCE, JJ., concur.
CANADY and POLSTON, JJ., concur in result.
LAWSON, J., did not participate.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal – Certified Direct Conflict of Decisions

First District - Case No. 1D14-2001

(Duval County)

Anthony John Russo and Alan Jeffrey Nisberg of Butler Weihmuller Katz Craig LLP, Tampa, Florida,

    for Petitioner

John Andrew Tucker, IV of Foley & Lardner LLP, Jacksonville, Florida; and James Andrew McKee and Benjamin James Grossman of Foley & Lardner LLP, Tallahassee, Florida,

    for Respondent